IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jesus Tzompaxtle, individually and on behalf of other similarly situated employees, Plaintiff<br>v.<br>Al's Pizza II, Inc. dba Al's Pizza Chicago and Adele L. Karalis, individually, Defendants | Case No:<br>Judge: |

## COMPLAINT

Jesus Tzompaxtle ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Al's Pizza II, Inc. dba Al's Pizza Chicago ("Al's Pizza"), and Adele L. Karalis, individually (collectively, "Defendants"), and states:

### Introduction

1. Defendants operate a restaurant commonly known as "Al's Pizza" at 6344 W. Irving Park Rd, Chicago, IL 60634. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurant during the three years before the filing of this lawsuit.

2. Plaintiff is a former employee of the Defendants that was not paid his earned overtime wages as required by the FLSA and IMWL.

3. Defendants regularly and routinely paid Plaintiff and other employees their regular hourly rate for all hours worked weekly throughout the three years before the filing of Plaintiff's Complaint.

4. Defendants were required by the FLSA and IMWL to pay Plaintiff and other similarly situated employees one and one-half times their regular rate when Plaintiff and other similarly employees worked more than forty hours weekly.

5. Instead of paying Plaintiff one and one-half times his regular rate after Plaintiff worked more than forty hours a week, Defendants paid Plaintiff his regular rate of pay for all the hours worked he worked each week.

**Jurisdiction and Venue**

6. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

7. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

8. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

9. Defendants owned and operated Al's Pizza within the three years preceding the filing of the Complaint.

10. Adele L. Karalis resides in and is domiciled in this judicial district.

11. Adele L. Karalis is the owner of Al's Pizza and was involved in the day-to-day business operations of Al's Pizza and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

12. Al's Pizza is an enterprise under 29 U.S.C. § 203(r)(1).

13. Al's Pizza is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Al's Pizza's annual gross sales were $500,000.00 or more during the three years before the filing of this lawsuit.

15. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

16. Defendants failed to maintain and preserve records of all hours that Plaintiff worked each week during the relevant employment period.

17. Defendants failed to maintain and preserve records of all wages they paid to Plaintiff each week during the relevant employment period.

18. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

19. Plaintiff worked for Defendants from approximately May 9, 2014 to July 14, 2017, but the relevant employment period is between September 18, 2014 to July 14, 2017.

20. Plaintiff worked as a cook for Defendants during the relevant employment period.

21. During the relevant employment period, the Plaintiff's regular rate was $12.00 per hour for all the hours he worked weekly, despite regularly and routinely working up to seventy-nine hours.

22. After working more than forty hours weekly during the relevant time period, Plaintiff should have been paid $18.00 per hour for all hours over forty, but instead was paid $12.00 per hour.

23. Plaintiff regularly and routinely worked fifty-five hours each week during the relevant employment period.

## **COUNT I: FLSA Overtime Wage Violation**

24. Plaintiff incorporates all paragraphs above as if fully restated below.

25. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached as Exhibit A.

26. Plaintiff was repeatedly and routinely directed by Defendants to work more than forty hours weekly throughout the three years before the filing of this lawsuit.

27. Plaintiff repeatedly and routinely worked more than forty hours in individual work weeks throughout the three years before the filing of this lawsuit.

28. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate when he worked more than forty hours weekly. Instead, Plaintiff received only his regular rate for all hours worked.

29. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

30. Plaintiff was not exempt from the overtime provisions of the FLSA.

31. Defendants' failure to pay overtime wages violated the FLSA.

32. Defendants' FLSA violations were willful because they maintained a scheme of paying Plaintiff his regular rate only, for all hours worked weekly even though Plaintiff regularly and routinely worked more than forty hours each week during the relevant employment period.

33. Plaintiff is entitled to the earned and unpaid half-time rate of the applicable regular rate for the weeks in which he worked more than forty hours weekly throughout the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

34. Plaintiff incorporates all paragraphs above as if fully restated below.

35. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

36. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours weekly.

37. Plaintiff was repeatedly and routinely directed by Defendants to work more than forty hours weekly throughout the three years before the filing of this lawsuit and Plaintiff repeatedly and routinely worked more than forty hours in individual work weeks throughout the three years before the filing of this lawsuit.

38. Defendants did not pay earned overtime wages to the Plaintiff. Instead, Plaintiff received only his regular rate for all hours worked.

39. Plaintiff was not exempt from the overtime provisions of the IMWL and the Defendants' failure to pay overtime wages violated the IMWL.

40. Plaintiff is entitled to the earned and unpaid overtime wages (the half-time rate of his regular hourly rate) for each week that he worked more than forty hours weekly during the relevant employment period regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B.  Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C.  Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D.  Grant any other relief this Court deems appropriate.

Respectfully submitted on Monday, September 18, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com